**Nelson Searcy VAN DEVENTER, Appellant,**

**v.**

**DALLAS BRUSH MANUFACTURING COMPANY, Appellee.**

**No. 4320.**

Court of Civil Appeals of Texas.

Eastland.

June 20, 1969.

Rehearing Denied July 18, 1969.

Hugh O. Mussina, Dallas, for appellant.

Wallace P. Finfrock, Eldridge, Goggans, Davidson & Silverberg, Dallas, for appellee.

GRISSOM, Chief Justice.

Nelson Searcy Van Deventer sued General Security Life Insurance Company for the cash surrender value of a policy on his life issued while he was an executive of Dallas Brush Manufacturing Company on the application therefor by Dallas Brush Manufacturing Company. General Security impleaded Dallas Brush Manufacturing Company, paid the cash surrender value of the policy into court and was discharged. In a trial to the court, judgment was rendered reforming said policy and awarding said money to Dallas Brush Manufacturing Company. Van Deventer has appealed.

Appellant's first point is that the court erred in rendering judgment for Dallas Brush Manufacturing Company because the unambiguous language of the policy is contrary to the contract as reformed. His second point is that the four year statute of limitations barred reformation of the policy, as a matter of law. His third point is that there is no evidence to support the findings requisite for reformation. Appellant argues that the policy, as written, shows he is the owner and entitled to its cash surrender value; that it was issued in compliance with the application signed by Van Deventer, as the insured, and by Hopkins, as president of Dallas Brush Manufacturing Company, which company was stated therein to be the applicant. He prays for a reversal and rendition of a judgment for him for the net cash surrender value of the policy paid into the court by General Security.

After a careful study of the entire statement of facts, we overruled appellant's points. We conclude there was ample evidence to support the presumed finding of mutual mistake in executing the policy; that the parties intended for it to take the place of the Crown policy which insured the life of Van Deventer for the benefit of Dallas Brush Manufacturing Company, to the end that, upon the death of Van Deventer, Dallas Brush would have the proceeds of said policy to purchase his interest in that company. The record does not require a finding that reformation was barred by the four year statute of limitation, on the contrary, it justifies a finding that limitation did not commence to run until late 1967, when the mistake was discovered.

The application for the General Security policy was signed by the president of Dallas Brush Manufacturing Company and recites that the insured, Van Deventer, is vice-president and general manager of Dallas Brush, who is his employer, and that Dallas Brush is to be the beneficiary of the policy. The face of the policy shows that Van Deventer's employer, Dallas Brush, is the beneficiary and that the insurance company agrees to pay the beneficiary "the sum insured." But the printed form of the policy provides that "the insured shall be the owner of this policy" and entitled "to receive all cash values—accruing hereunder."

There was evidence that in the spring of 1962, Van Deventer was part owner and chief executive of Dallas Brush Manufacturing Company; Hammond Hopkins then purchased an interest in said company and assumed its presidency; Van Deventer and Hopkins were negotiating a buy or sell agreement under which, on the death of either of said officers of Dallas Brush, his stock could be purchased by that company. There was evidence that the company did not have enough money to purchase said stock and it was thought wise for Dallas Brush to buy an insurance policy on its executive officers so that it could buy his stock with the proceeds thereof in the event of his death; that Mr. Fallon, an insurance agent, and Mr. Hopkins, president of Dallas Brush, agreed that Fallon should obtain such insurance for the protection of Dallas Brush against loss by reason of the death of Van Deventer, who then knew more about running said business than anyone else. Through Fallon, Dallas Brush had obtained term insurance policies from "Crown" Insurance Company on Van Deventer and Hopkins for the purpose of enabling Dallas Brush to purchase their interest upon their deaths. The buy or sell agreement attempted to be negotiated by Hopkins and Van Deventer was never executed. Mr. Van Deventer testified in substance that said policies were bought so that when he or Hopkins died their stock could be bought by Dallas Brush with the proceeds of such policy. The "Crown" policy which had insured the life of Van Deventer, showed on its face that Dallas Brush was the beneficiary and owner thereof. Because of Mr. Van Deventer's poor health, that policy required a high premium and it was decided to place his insurance with another company for that reason. Fallon contacted five companies before he found one offering more favorable terms than the Crown policy. Fallon discussed said actions with Van Deventer. He testified that Van Deventer thought the idea of replacing his Crown policy at a more favorable rate was a good idea. The evidence shows that the General Security Insurance Company policy insuring the life of Van Deventer was intended as a substitute for the Crown policy in which Dallas Brush was clearly designated as owner and beneficiary. The General Security policy provided for a cash surrender value. The Crown policy had not so provided, being a term policy. The face of the new policy shows Dallas Brush is its beneficiary. Fallon testified that he did not read the application but that he did fill in blanks indicated by x's placed thereon by General Security Insurance Company and in substance that the parties did not know that the cash value of the policy was payable to Van Deventer and did not so intend; that it was intended as a substitute for the Crown policy, wherein Dallas Brush was the beneficiary of all payments by the insurance company, and that no such change was intended when the General Security policy was obtained.

Hopkins bought Van Deventer's interest in Dallas Brush and assumed its presidency. He received and kept in his possession the General Security policy insuring the life of Van Deventer. About a month after Van Deventer sold his interest in Dallas Brush to Hopkins he claimed the cash surrender value of that policy and brought this suit. There was evidence that when Van Deventer and Hopkins were negotiating the terms of Hopkins' purchase of Van Deventer's stock in Dallas Brush they

discussed this policy and Van Deventer then asked whether there was any cash value in this insurance policy, whereupon, he was informed by Hopkins that there would be no additional value "to him", because he was paying Van Deventer more for his interest than it was worth; that Van Deventer did not then claim to own any part of the policy and he first claimed the right here asserted about thirty days after he sold out to Hopkins, in the Fall of 1967.

■ The court was justified in concluding that all parties intended for Dallas Brush Manufacturing Company to be the beneficiary of the cash surrender value of the policy. Dallas Brush, under the circumstances mentioned, applied for that policy on the life of its then chief executive and paid the premiums. As stated, there was ample testimony that it was intended solely for the purpose of replacing the Crown policy, in which Dallas Brush was the sole owner and beneficiary. Van Deventer did not testify that he intended that the policy belong to him. There was ample evidence that it was intended only to replace the Crown policy which unquestionably belonged to Dallas Brush. Such replacement was caused by Van Deventer's health causing Crown to assess a rated surcharge on its premium. There was no good reason for Dallas Brush to so act unless it was to receive the cash surrender value. Under these circumstances, the authorities support the action of the court in so reforming the policy and in rendering judgment for Dallas Brush Manufacturing Company for the money paid into court by General Security to discharge its liability for the cash surrender value of said policy. Delaware Insurance Company v. Hill, Tex. Civ.App., 127 S.W. 283, 286 (writ ref.); Cranfill-Reynolds Company v. Security Insurance Company (Tex.Com.App.), 67 S.W. 2d 258; Aetna Insurance Company v. Brannon, 99 Tex. 391, 89 S.W. 1057, 2 L.R.A., N.S., 548; McCormick and Ray, Texas Law of Evidence, Vol. 2, par. 1661.

The judgment is affirmed.